UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELL HILL,<br><br>         Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | Case No.: 25-cv-00914-AGS-JLB<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE REQUEST FOR EARLY NEUTRAL EVALUATION CONFERENCE**<br><br>**[ECF No. 10]** |

  Before the Court is *pro se* Plaintiff Marcell Hill's ("Plaintiff") *Ex Parte* Request for Early Neutral Evaluation Conference ("Request"). (ECF No. 10.) Defendant United States of America ("Defendant") has not responded. For the reasons discussed below, the Court **DENIES** Plaintiff's Request.

  Plaintiff seeks an Early Neutral Evaluation Conference ("ENE") "at the earliest practicable date" to begin settlement discussions "because prolonged litigation has caused significant and ongoing personal hardship." (*Id*. at 2, 3.) Plaintiff asserts that "early engagement in settlement discussions would allow Plaintiff to begin necessary recovery while conserving judicial and party resources, aligning with the overarching goal of expeditious and just case resolution." (*Id*. at 3.)

///

Within the Southern District of California, a typical civil action proceeds as follows:

> The plaintiff files a complaint. The defendant files an answer. The Court sets an Early Neutral Evaluation Conference ("ENE"). If the parties do not reach settlement at the ENE, the Court sets a Case Management Conference ("CMC") and instructs the parties on Rule 26 compliance. Following the CMC, the Court issues a Scheduling Order regulating the pretrial and discovery schedule.

*Olivas v. U.S.*, No. 11-cv-2606-WQH-WMC, 2013 WL 1222113, at *2 (S.D. Cal. Mar. 25, 2013).

However, Local Civil Rule 16(c)(1) provides that "at any time after the filing of a complaint and before an answer has been filed, counsel for any party may make a request in writing to the judge in the case to hold an ENE conference, discovery conference or status/case management conference." *See* S.D. Cal. CivLR 16.1(c)(1). "Upon receiving such request, the judge will examine the circumstances of the case and the reasons for the request and determine whether any such conference would assist in the reduction of expense and delay in the case. The judge will hold such conferences as he or she deems appropriate." *Id*.

The Court does not find holding an early ENE to be appropriate here. At the "ENE Conference the judge and the parties will discuss the claims and defenses and seek to settle the case." *See* S.D. Cal. CivLR 16.1(c)(1)(a). In this case, Defendant filed a motion to dismiss on August 20, 2025. (ECF No. 11.) Defendant maintains that Plaintiff's claims have previously been adjudicated and cannot be relitigated here. (*Id*.) Until that issue is resolved by the Court, it would not seem that the parties are in a position to engage in productive settlement discussions. Therefore, the Court concludes that an early ENE would not assist in the reduction of expense and delay in the instant case.

///
///
///
///

Plaintiff's Request (ECF No. 10) is **DENIED**.[1]

**IT IS SO ORDERED.**

Dated: August 29, 2025

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[1] Attached as Exhibit A to this Order is a document pointing Plaintiff to resources on the Court's website for self-represented parties. In addition, the Court directs Plaintiff to review the Civil Chambers Rules of Judge Burkhardt, which can be found at https://www.casd.uscourts.gov/judges/burkhardt/docs/Burkhardt%20Civil%20Chambers%20Rules.pdf. A copy of these Chambers Rules is attached as Exhibit B to this Order.

# Exhibit A

# INFORMATION FOR SELF-REPRESENTED PARTIES

In recognition of the difficulty that people can face when representing themselves in civil cases before a federal court—called proceeding *pro se*—the District Court for the Southern District of California has created a resource to assist *pro se* parties. These include a *pro se* handbook, an explanation of filing fees and other costs, a list of legal organizations that might possibly provide help, answers to frequently asked questions, copies of rules of procedures, and some model forms. These resources may provide a useful starting point understanding your case and navigating the court system.

You can access these materials through the Court's website by visiting https://www.casd.uscourts.gov/ and clicking on the banner titled "Representing Yourself."



*Pro se* litigants who are in custody can look for an additional link on the page directing them to a specific information packet regarding prisoner civil rights litigation.

All individuals using these resources should note that **they are NOT a substitute for legal advice from an experienced lawyer. The materials contained on this page are informational only, are not legal advice, and should not be considered as legal advice. Using information on this website does not create an attorney-client relationship**. This information is simply meant as a guide for *pro se* litigants in civil matters. Likewise, this material is intended only for individuals with cases in the U.S. District Court for the Southern District of California. The material may not reflect practices of other federal courts or state courts.

# Exhibit B

# HONORABLE JILL L. BURKHARDT
# U.S. MAGISTRATE JUDGE
# CIVIL CHAMBERS RULES

Updated May 2024

**Please Note:** Counsel and *pro se* litigants are expected to comply with the procedures set forth below. However, **the Court may vary these procedures by Court order as appropriate in any case**. Except as set forth below, counsel and *pro se* litigants are expected to comply with the Local Rules of Practice for the United States District Court for the Southern District of California ("Local Rules") and the Electronic Case Filing Administrative Policies and Procedures Manual ("ECF Manual"). Litigants should familiarize themselves with the Local Rules and the ECF Manual, which are available on the District Court's website.

## I.     GENERAL DECORUM

The Court expects all counsel and parties to be courteous, professional, and civil at all times to opposing counsel, parties, and the Court, including all court personnel. Professionalism and civility—in court appearances, communications with Chambers, and written submissions—are of paramount importance to the Court. Personal attacks on counsel or opposing parties will not be tolerated under any circumstances.

Counsel and all *pro se* litigants are to read and be familiar with the tenets espoused in Civil Local Rule ("CivLR") 2.1, which shall be the guiding principles of conduct in this Court. Counsel and all parties are expected to be punctual for all proceedings.

## II.    COMMUNICATIONS WITH CHAMBERS

A. **Telephone Calls.** Before calling Chambers, all counsel and *pro se* litigants must first review these Rules and the Local Rules. **For represented parties, only counsel of record on the docket in the case may contact the Court by telephone**. When leaving a voicemail message with Chambers, include the case name, case number, and appropriate call-back information. **Chambers staff cannot provide time estimates for rulings, give legal advice, or discuss the merits of a case.**

B. **Lodging Documents.** When an order or these Rules direct you to **lodge** a document with the Court, send it via e-mail to efile_Burkhardt@casd.uscourts.gov. If the lodged document(s) **exceeds 40 pages**, also provide a courtesy copy. (*See* § II.E.) Lodged documents **shall not be filed** with the Clerk of Court or on the CM/ECF system unless the Court directs otherwise.

As set forth in the ECF Manual, the efile_Burkhardt@casd.uscourts.gov e-mail address is **not** to be utilized to communicate with the Court unless otherwise ordered or invited by the Court.

C. **Letters, Faxes, or E-mails.** Letters, faxes, and/or e-mails to the Court are **not permitted** except as authorized by order or by these Rules. The Court should not be copied on e-mail correspondence between counsel.

D. **Transcripts.** Parties seeking a copy of a transcript from a proceeding **on the record** where no court reporter was present should electronically file the transcript order form found at https://www.casd.uscourts.gov/attorney/transcript-order.aspx.

E. **Courtesy Copies.** Courtesy copies shall **only** be provided in cases where any single filing or lodgment (or multiple filings or lodgments in a single court day), inclusive of exhibits, **exceeds 40 pages**. Courtesy copies shall be delivered directly to Judge Burkhardt's Chambers, not the Clerk's Office, within 1 court day of the filing or lodgment deadline.

Unless otherwise ordered or invited by the Court, courtesy copies of documents must be identical to the electronically filed or lodged documents. Courtesy copies of electronically filed documents **must be printed from CM/ECF**, with the CM/ECF stamp displayed on the top of each page. Courtesy copies must be 2-hole punched at the top. If a filing has more than 3 exhibits, the exhibits in the courtesy copy must be tabbed. **Double-sided copies are preferred.**

### III.    MANDATORY SETTLEMENT CONFERENCES

In addition to the requirements set forth in the order setting the Mandatory Settlement Conference ("MSC"), the parties shall comply with the following requirements in advance of the MSC:

A. **Formal Settlement Proposal.** No later than **21 days** before the MSC, the plaintiff must serve on the defendant a written settlement proposal with a specific demand amount and any other material terms. The defendant must respond to the plaintiff in writing with a specific settlement offer prior to the meet and confer discussion (*see* § III.B). The parties should not file or copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective MSC statements.

B. **Meet and Confer Requirement.** No later than **14 days** before the MSC, counsel for the parties must meet and confer in person or telephonically (not by e-mail) and discuss the following:

1. Who will attend the MSC on behalf of each party, including counsel, client representative(s) with full settlement authority, and any insurance representative(s).

2. Identification of any persons or entities, such as a board of directors, who must approve a proposed settlement agreement before it can be executed, as well as the nature and duration of any such approval process.

3. Insurance coverage available to cover all or part of the claimed losses or to fund all or part of any party's defense, and status of any tenders for coverage.

   **C. MSC Statements.** By the deadline set forth in the order setting the MSC (generally 7–10 days before the MSC), the parties shall **lodge** MSC statements with the Court. MSC statements are not to exceed **10 pages**, exclusive of exhibits. If any statement exceeds 40 pages with exhibits, a courtesy copy is required. (*See* § II.E.) MSC statements may be submitted confidentially or shared with an opposing party at the submitting party's discretion.

   MSC statements shall include the following:

1. **MSC Attendees.** A list of all attorney and non-attorney conference attendees for that side, including the name(s) and title(s)/position(s) of the party/party representative(s) who will attend and have settlement authority at the MSC. In addition, <u>if the MSC will be held by video conference</u>, for each participant listed, the statement shall also include:
    a. An **e-mail address** for the participant to receive the video conference invitation; and
    b. A **telephone number** where the participant may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference. (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

2. **Substance of the Suit.**
    a. A brief statement of the facts of the case.
    b. The claims and material defenses, including the statutory or other grounds upon which the claims and defenses are founded.
    c. A summary of the significant proceedings to date, including a list of the substantive motions previously made, their dispositions, and any pending motions.
    d. A statement of facts not reasonably in dispute.
    e. A list of the key facts in dispute and the specific evidence relevant to a determination of those facts.
    f. Any discrete issue(s) that, if resolved, would facilitate the resolution of the case.
    g. A brief statement of the issues of law with respect to liability and damages. The statement should be supported by legal authority, but extended legal argument is not necessary.

3. **Relief Sought.** A statement of the relief sought (for the plaintiff and any counter- or cross-claimants), including an itemization of damages and any other non-monetary relief.

4. **Settlement Discussions.** A description of the history and status of any settlement negotiations, including the formal settlement proposal required by § III.A.

### IV. MOTIONS TO AMEND SCHEDULING ORDERS OR TO CONTINUE OTHER DATES AND DEADLINES

A. **Timing.** Any request to amend the scheduling order or to continue or reschedule any date, deadline, or court proceeding should be filed no fewer than **7 calendar days** in advance of the dates and deadlines at issue. Any motion filed fewer than 7 calendar days in advance of the dates and deadlines at issue **must** address excusable neglect for the untimely request. Fed. R. Civ. P. 6(b)(1)(B).

B. **Written Motion Required.** Any request to amend the scheduling order or to continue or reschedule any date, deadline, or court proceeding shall be **filed** as a joint motion pursuant to CivLR 7.2 or, if opposed, as an *ex parte* motion pursuant to CivLR 83.3.g. Whether filed as a joint motion or an *ex parte* motion, the parties are not required to obtain a hearing date. Counsel shall **not** call Chambers to request to continue or reschedule any date, deadline, or Court proceeding.

C. **Additional Motion-Specific Requirements.**

  1. **Motions to Amend the Scheduling Order.** The dates and times set forth in the scheduling order will not be modified except for good cause shown in a timely-filed motion. Fed. R. Civ. P. 6(b), 16(b)(4). Counsel are reminded of their duty of diligence and that they must "take all steps necessary to bring an action to readiness for trial." CivLR 16.1.b.

     Motions requesting to amend any date or deadline in the scheduling order shall include the following:

     a. A showing of good cause for the request. Fed. R. Civ. P. 6(b), 16(b)(4).
     b. A statement of whether the request is timely. Untimely requests **must** include a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).
     c. A **table** of all remaining dates and deadlines in the operative scheduling order and the proposed amendment for **every** remaining date or deadline in the scheduling order at the time the motion is filed. If no amendment is requested for any remaining date or deadline, the parties shall so indicate.
     d. The number of previous requests to amend.
     e. A declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set forth in the scheduling order and the specific reasons why deadlines cannot be met. If the motion is brought *ex parte*, the declaration must address the steps counsel took to obtain a stipulation from the opposing party.

     Absent express permission from the Court, and notwithstanding the pendency of any motion, counsel shall timely comply with the dates and deadlines ordered by the Court in the scheduling order.

  2. **Motions to Continue or Reschedule Court Proceedings.** Motions requesting to continue or reschedule any Court proceeding must include **three mutually agreeable, alternative dates** for the proceeding.

4

3. **Motions to Continue Discovery Dispute Deadlines.**  Counsel for the parties must meet and confer in person or by telephone prior to filing a motion to continue discovery dispute deadlines.  Any such motion shall include the following:

    a. The date of the event giving rise to the discovery dispute.  (*See* § V.E.)
    b. The current meet and confer deadline.  (*See* § V.A.)
    c. The current deadline to contact the Court with the discovery dispute.  (*See* § V.B.)
    d. A specific proposed date by which the parties will conclude the meet and confer process and, if still necessary, contact the Court with any remaining discovery disputes.

## V. DISCOVERY DISPUTES

A. **Meet and Confer Requirement.**  The Court will not address discovery disputes until counsel have met and conferred to resolve the dispute.  *See* CivLR 26.1.a.  Counsel must proceed with due diligence in scheduling and conducting an appropriate meet and confer conference as soon as the dispute arises.  Counsel shall commence the meet and confer process within **14 calendar days** of the event giving rise to the dispute (*see* § V.E).

The Court expects strict compliance with the meet and confer requirement, as it is the experience of the Court that the vast majority of disputes can be resolved by means of that process.  Counsel must **thoroughly** meet and confer in person or by telephone and shall make every effort in good faith to resolve all disputes without the Court's intervention.  Under no circumstances may the parties satisfy the meet and confer requirement by exchanging e-mails or other written correspondence.

B. **Contacting the Court with an Unresolved Discovery Dispute.**  No later than **30 calendar days** after the date upon which the event giving rise to the discovery dispute occurred (*see* § V.E), if the parties have been unable to resolve their dispute through the meet and confer process, the parties shall:

    1. **Lodge** a **Joint Discovery Statement** with the Court.  The Joint Discovery Statement shall be no more than **7 pages** excluding exhibits and include the following:
        a. The date of the event giving rise to the discovery dispute and the corresponding deadline to contact the Court with the dispute.  (*See* §§ V.B, E.)
        b. The requests in dispute along with each party's position on each request.
        c. At least **3 mutually agreeable dates** within **10 calendar days** for an informal Discovery Conference with the Court.
        d. Attached exhibits of **only the relevant** requests and responses at issue (including any material definitions and general objections).  All requests and responses not at issue should be redacted or removed.  Counsel should not attach copies of any meet and confer correspondence.

After reviewing the Joint Discovery Statement, the Court may set a telephonic, videoconferencing, or in-person Discovery Conference or may issue a briefing schedule.

5

C. **Discovery Motions.** A motion seeking to resolve a discovery dispute requires advance permission from the Court. (*See* § V.B.) Unless the Court directs otherwise, a discovery motion and any opposition thereto shall be no more than **10 pages** each, exclusive of exhibits. Reply briefs will not be permitted unless requested or authorized by the Court. Requested or authorized reply briefs shall be no more than **5 pages**.

1. **Motion Contents.** The motion shall include the following:

   a. A specific reference to each discovery request and response at issue.
   b. A statement as to why the discovery is needed, including the legal authority to support the position.
   c. A declaration of compliance with the meet and confer requirements of CivLR 26.1. Counsel should **not** attach copies of any meet and confer correspondence to the declaration or motion.
   d. Attached exhibits of the relevant requests and responses at issue (including any material definitions and general objections).

2. **Following the Filing of the Motion.** After reviewing the parties' briefs, the Court may set a telephonic or in-person hearing or may issue an order without oral argument. *See* CivLR 7.1.d.1.

D. **Disputes Arising During Depositions.** If a dispute arises during a deposition regarding an issue of privilege, enforcement of a court-ordered limitation on evidence, or pursuant to Fed. R. Civ. P. 30(d), counsel may leave a joint voicemail message with Judge Burkhardt's Chambers at (619) 557-6624 to seek an immediate ruling on the dispute. If Judge Burkhardt is available, she will either rule on the dispute or give counsel further instructions regarding how to proceed. If Judge Burkhardt is unavailable, counsel shall mark the deposition at the point of the dispute and continue with the deposition. Thereafter, counsel shall meet and confer regarding all disputed issues pursuant to the requirements of CivLR 26.1.a within 14 calendar days of the deposition (*see* § V.A). If counsel have not resolved their disputes through the meet and confer process, they shall proceed as provided in § V.B.

E. **Calculating When the Event Giving Rise to the Dispute Occurs.** For written discovery, the event giving rise to the discovery dispute is the date of the service of the answer/response or, in the absence of a response, the date upon which a timely answer/response was due. For oral discovery, the event giving rise to the discovery dispute is the completion of the deposition session during which the dispute arose.

## VI. STIPULATED PROTECTIVE ORDERS

A. **Joint Motion Required.**

All stipulated protective orders submitted for the Court's approval **must be filed as a joint motion** pursuant to CivLR 7.2. The joint motion must contain the language of the stipulated protective order sought, including any exhibits, and the parties' electronic signatures. A signature line for

the judge should not be included in the joint motion. In addition, the parties must **lodge** a proposed order in **Word format** to efile_Burkhardt@casd.uscourts.gov. The proposed order must contain the language of the stipulated protective order and include any attached exhibits. Proposed orders may not be filed on the docket. *See* § 2(h), ECF Manual.

**B. Required Provisions.**

**The parties may use Judge Burkhardt's model protective order, which is available on Judge Burkhardt's page on the Court's website (Homepage → Judges → Magistrate Judges → Hon. Jill L. Burkhardt).**

Whether or not the parties use Judge Burkhardt's model protective order, **any** proposed protective order submitted for the Court's approval **must** nonetheless include the following provisions, or the joint motion will be denied:

1. **Designation of information as confidential.** A party or non-party subject to the protective order may only designate documents or other information in this action as confidential if the designating party or non-party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c).

2. **What the Court shall do with confidential documents.** Absent an *ex parte* motion made within 10 calendar days of the termination of the case, the parties understand that the Court will destroy any confidential documents in its possession.

3. **Modification of the Protective Order by the Court.** The Court may modify the terms and conditions of the Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

4. **Relation to any Court or Local Rules.** Without separate court order, the Protective Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

5. **Filing documents under seal.** Any party seeking to file documents under seal must comply with the procedures set forth in the ECF Manual. **Parties should not seek to file under seal entire pleadings, or entire attachments, unless the party can establish that the entire document satisfies the standard for sealing.**

    Unless the entire document satisfies the standard for sealing, a redacted version of the document must be publicly filed on the docket with only those portions of the document appropriately subject to filing under seal redacted. An application to file under seal should specifically address the factual and legal basis for sealing each proposed redaction.

    The party shall lodge the unredacted version of any filing in accordance with the ECF Manual.

If a party is seeking to file a document that contains information designated as confidential by another party, the filing party must reach out to the designating party in advance of filing the application to file under seal to obtain from the designating party the legal basis for the confidential designation. The filing party must include the legal basis in the application to file under seal.  If any party opposes the application to file under seal, that party must, **within one court day**, contact the chambers of the judge who will rule on the application to notify the judge's staff that an opposition to the application will be filed.

## VII.  *EX PARTE* PROCEEDINGS

If unopposed, requests for relief should be made to the Court by joint motion.  *Ex parte* motions are appropriate only in exigent circumstances when opposing counsel is not reachable or when opposing counsel refuses to participate in the preparation of a joint motion.  All *ex parte* motions must comply with CivLR 83.3.g.  The Court does not have regular *ex parte* hearing days or hours.  After service of an *ex parte* motion, opposing counsel will ordinarily have **until 5:00 PM** on the next court day to respond.  If more time is needed, opposing counsel should initiate a joint call to Judge Burkhardt's Chambers and leave a detailed message with the extension of time sought.  If a joint call is unfeasible, opposing counsel may call Chambers *ex parte* but should limit any voicemail message to the extension of time sought.

After receipt of the *ex parte* motion and opposition (if any), the Court may set a telephonic or in-person hearing or may issue an order without oral argument.  *See* CivLR 7.1.d.1.  Reply briefs will not be permitted unless requested or authorized by the Court.

## VIII.  MISCELLANEOUS

A.  **Notice of Settlement**.  If a case is settled in its entirety or as to one or more parties, counsel for the **plaintiff** must file a Notice of Settlement or the parties may jointly file a Notice of Settlement.  If the Notice of Settlement is filed less than 48 hours before any court proceeding, such as an ENE or MSC, the plaintiff's counsel shall place a call to Chambers as soon as possible and leave a voicemail message notifying the Court of the settlement.

B.  **Technical Questions Relating to CM/ECF**.  Any technical questions relating to CM/ECF should be directed to the CM/ECF Help Desk at (866) 233-7983.

C.  **Criminal Matter Inquiries**.  All inquiries regarding criminal matters should be directed to Judge Burkhardt's courtroom deputy, Aishah Smith, at (619) 557-6425.  For further information, please see Judge Burkhardt's Criminal Chambers Rules.