UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marcell HILL, | Case No.: 25-cv-0914-AGS-JLB |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS (ECF 11)** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This case involves allegations of an unspeakable atrocity: a 1999 gang rape and torture committed by U.S. Marines. The victim purportedly suppressed this incident until 2020. Since then, she claims that various government agents and entities have conspired to discredit her, to thwart her quest for justice, and to protect her assailants.

These sickening accusations ultimately have only an incidental bearing on the legal issues currently before the Court. Years ago, the plaintiff brought a nearly identical lawsuit in Florida federal court, and that case was dismissed. The defense now moves to dismiss this case, too, as barred by both res judicata and the statute of limitations.

## BACKGROUND

In 2022, plaintiff Marcell Hill sued the United States government in federal court for the Middle District of Florida, alleging various violations under the Federal Tort Claims Act (FTCA). *See Hill v. United States*, No. 8:22-cv-1854-WFJ-MRM (M.D. Fla. 2022). She brought claims of conspiracy, negligence, and intentional infliction of emotion distress involving her accused assailants and various government officials and entities involved in the investigation. *Hill v. United States*, No. 8:22-cv-1854-WFJ-MRM, 2023 WL 2864509, at *3–*4 (M.D. Fla. 2023). The Florida trial court dismissed the second amended complaint—including all 12 counts—"with prejudice." *Hill*, 2023 WL 2864509, at *4, *11. On appeal, the Eleventh Circuit remanded "with instructions that the district court dismiss Counts I and II *without* prejudice," but otherwise left the lower court's ruling

1

undisturbed. *Hill v. United States*, No. 23-11970, 2024 WL 1326791, at \*1 (11th Cir. Mar. 28, 2024) (emphasis added).

Defendants now move to dismiss the current case on several grounds, including that it is barred by "the doctrine of res judicata" and "by the FTCA's statute of limitations." (ECF 11, at 5, 8.)

## DISCUSSION

### A.   Res Judicata (Counts 3–18)

The Court confines its res judicata analysis to counts 3 through 18 of the current complaint. Counts 1 and 2 are admittedly identical in both lawsuits. (ECF 8, at 6 (acknowledging the complaint "incorporates two [] counts from a prior, related action")); *see also Hill*, 8:22-cv-1854-WFJ-MRM, ECF 22, at 17–19. But those first two counts were ultimately dismissed without prejudice. And a "dismissal without prejudice is not an adjudication on the merits and does not have a res judicata effect." *Continental Ins. v. N.A.D., Inc.*, 16 F. App'x 659, 661 (9th Cir. 2001).

Res judicata, or claim preclusion, applies when there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016). "The party asserting a claim preclusion argument 'must carry the burden of establishing all necessary elements.'" *Id*. (quoting *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008)).

#### 1.  *Identity of Claims*

In assessing the identity of claims, courts consider four factors, addressed below. "These criteria are not applied mechanistically." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017). First, courts evaluate "whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action." *Id*. The government has an interest in "the conclusive resolution of disputes." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). This interest would be impaired by forcing it to defend claims that it already litigated once before to a dismissal with prejudice.

Second, we consider "whether substantially the same evidence is presented in the two actions." *Howard*, 871 F.3d at 1039. Because neither lawsuit has (yet) cleared the motion-to-dismiss stage, no formal evidence has been submitted. But a comparison of the two operative complaints suggests that the evidence would likely be much the same. Admittedly, Hill added more detail and new theories to her current pleading, such as NCIS Agent Spodarek's alleged "conflict of interest." (*See* ECF 8, at 34.) Yet the second lawsuit largely echoes the first. For example, in both cases, Hill criticizes Agent Spodarek for failing to identify two of her assailants, given the agent's access to investigative resources. (*Compare* ECF 8, at 15–16 ("Despite having access to official military records, Agent Spodarek failed to act on this information" in investigating "two of Plaintiff Hill's assailants."), *with Hill*, No. 8:22-cv-1854-WFJ-MRM, ECF 22, at 9 ("Agent Spodarek was . . . unable to identify the remaining two suspects" and made "no progress in the investigation," despite "specific details provided by the Plaintiff combined with NCIS access to military records and multiple investigative interviews conducted over the previous 8 months.").) And, according to both complaints, Hill was forced to hunt down these suspects' identities herself. (*Compare* ECF 8, at 15–16 ("Plaintiff Hill [had] to uncover their identities on her own through memory and publicly available sources."), *with Hill*, No. 8:22-cv-1854-WFJ-MRM, ECF 22, at 9 ("Plaintiff diligently worked all weekend to uncover the identity of the remaining two suspects herself.").)

The third identity-of-claims factor is "whether the two suits involve infringement of the same right." *Howard*, 871 F.3d at 1039. In both proceedings, Hill alleged the same sorts of FTCA violations: negligence and similar torts. (*Compare* ECF 8, at 2 (alleging "negligent and wrongful acts and omissions of agents and employees of the United States Government"), *with Hill*, No. 8:22-cv-1854-WFJ-MRM, ECF 22, at 1 (alleging "multiple negligent and wrongful acts and omissions of multiple agents and employees of the U.S. Government").) This factor, too, points toward an identity of claims.

Finally, the Court must determine "whether the two suits arise out of the same transactional nucleus of facts." *Howard*, 871 F.3d at 1039. This "fourth factor is the most

25-cv-0914-AGS-JLB

important." *Id*. (cleaned up). In fact, the Ninth Circuit often deems "the common-nucleus criterion to be outcome determinative." *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1029 (9th Cir. 2019). Hill insists that counts 3 through 18 arise from new "facts" or otherwise present "new theories." (ECF 14, at 13–18.) But, at bottom, both cases center on allegations of a horrific sexual assault in 1999. According to both operative complaints, she was "drugged," "gang raped," "photographed," and subjected to "psychological[]" torment using "military" "tactics." (ECF 8, at 11; *Hill*, 8:22-cv-1854-WFJ-MRM, ECF 22, at 4.) The two cases' ancillary facts—especially regarding the subsequent investigation and Hill's frustrations in seeking justice—share much in common as well. But the central "nucleus of facts" in both lawsuits is this nightmarish alleged crime.

Because all four of these factors cut in favor of res judicata (especially the all-important common-nucleus consideration), the Court finds that there is an identity of claims between counts 3 through 18 and the prior suit.

### 2.  *Final Judgment on the Merits and Identity of Parties*

As to counts 3 through 18, the last two res judicata requirements are easily satisfied. Those counts correspond to the claims in the prior lawsuit that were dismissed "with prejudice," which "is considered a final judgment on the merits." *See Nnachi v. City of San Francisco*, No. C 10–00714 MEJ, 2010 WL 3398545, at *5 (N.D. Cal. Aug. 27, 2010). And both this case and the Florida suit involve the exact same parties.

So, res judicata precludes further litigation over counts 3 through 18.

**B.    Statute of Limitations (Counts 1 and 2)**

Although res judicata does not apply to counts 1 and 2, those counts—and all the claims in this FTCA lawsuit—must be dismissed as untimely. An FTCA claim is "forever barred" unless it is "presented in writing to the appropriate Federal agency within two years" of the claim's accrual and "unless action is begun within six months after the . . . final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The latter six-month limitations period is fatal to Hill's lawsuit.

Hill asserts that the final denial of her administrative claim was on "February 24, 2022," and the agency notified her "of a six-month deadline to file in federal court, expiring August 24, 2022." (*See* ECF 8, at 5.) Though she brought her Florida lawsuit within that deadline, the present "action" was not commenced until April 17, 2025—more than two-and-a-half years after the deadline. (*See* ECF 1; ECF 8, at 5.)

While Hill's Florida lawsuit was timely, the dismissal of its first two counts "without prejudice left [plaintiff] in the same position as if the first suit had never been filed." *See Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995); *see also Humphreys v. United States*, 272 F.2d 411 (9th Cir. 1959) ("[A] suit dismissed without prejudice . . . leaves the situation the same as if the suit had never been brought in the first place."). So, her second action, "filed more than six months after the [agency] mailed its final notice denying [her] claim, . . . is time barred under the plain language of § 2401(b)." *See Lambert*, 44 F.3d at 298; *see also Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994) (holding that FTCA plaintiffs could not "relate back" their late-filed "second complaint" to their timely "first complaint" because "a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim").

Nor does it appear that any tolling could stave off the statute of limitations. Despite having the opportunity to assert tolling theories, Hill has not done so. And there is no suggestion that plaintiff was "induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass," nor any other basis for equitable tolling. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Because this FTCA action is untimely, all the claims—including counts 1 and 2—must be dismissed.

**C.     Leave to Amend**

When a pleading "can possibly be cured by additional factual allegations," courts should grant leave to amend. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). "A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite

repeated opportunities.'" *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016). Amendment is futile as to counts 3 through 18, as Hill has already litigated those claims to completion in Florida and received a judgment on the merits. But it is conceivable (albeit doubtful) that Hill could establish some form of equitable tolling as to counts 1 and 2, so she should be permitted to try.

## CONCLUSION

Thus, defendant's motion to dismiss is **GRANTED** in part:

1.  Counts 1 and 2 are **DISMISSED** with leave to amend.

2.  Counts 3 through 18 are **DISMISSED with prejudice** and without leave to amend.

Plaintiff Hill may amend her complaint as to counts 1 and 2 only. By **April 20, 2026**, she must file any such amended complaint, addressing the deficiencies discussed above. The amended complaint must be complete by itself without reference to any previous pleading. If she fails to timely amend, the Court will dismiss this entire action with prejudice.

Dated:  March 20, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

25-cv-0914-AGS-JLB