UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MARCELL HILL,
Plaintiff,
v.
UNITED STATES OF AMERICA,
Defendant

Case No.: 3:25-cv-00914-AGS-JLB

**ORDER DENYING PLAINTIFF'S RENEWED REQUEST FOR EARLY NEUTRAL EVALUATION CONFERENCE**

**[ECF No. 27]**

Before the Court is *pro se* Plaintiff Marcell Hill's ("Plaintiff") Renewed Request for Early Neutral Evaluation Conference ("Request"). (ECF No. 27.) Defendant United States of America ("Defendant") has not responded. For the reasons discussed below, the Court **DENIES** Plaintiff's Request.

After determining that holding an early ENE would not be productive until the issue of whether Plaintiff's claims had previously been adjudicated was resolved, this Court denied Plaintiff's first request for an Early Neutral Evaluation Conference ("ENE") on August 29, 2025. (ECF Nos. 10, 13.)

On September 3, 2026, Plaintiff filed her Renewed ENE Request. (ECF No. 27.) At the time of filing, Defendant's Motion to Dismiss the Second Amended Complaint was pending. (ECF No. 20.)

Here, Plaintiff contends that an ENE at this stage "could provide a constructive opportunity for the parties to evaluate resolution before additional time, expense, and judicial resources are devoted to continued litigation." (ECF No. 27 at 4.)

As previously explained, within the Southern District of California, a typical civil action proceeds as follows:

> [t]he plaintiff files a complaint. The defendant files an answer. The Court sets an Early Neutral Evaluation Conference ("ENE"). If the parties do not reach settlement at the ENE, the Court sets a Case Management Conference ("CMC") and instructs the parties on Rule 26 compliance. Following the CMC, the Court issues a Scheduling Order regulating the pretrial and discovery schedule.

*Olivas v. United States*, No. 11-cv-2606-WQH-WMC, 2013 WL 1222113, at *2 (S.D. Cal. Mar. 25, 2013).

Notwithstanding this typical procedure, Local Civil Rule 16(c)(1) provides that "at any time after the filing of a complaint and before an answer has been filed, counsel for any party may make a request in writing to the judge in the case to hold an ENE conference, discovery conference or status/case management conference." *See* S.D. Cal. CivLR 16.1(c)(1). "Upon receiving [a request for an ENE], the judge will examine the circumstances of the case and the reasons for the request and determine whether any such conference would assist in the reduction of expense and delay in the case. The judge will hold such conferences as he or she deems appropriate." *Id*.

The Court continues to find that holding an early ENE would not be appropriate. Within its motion to dismiss, Defendant asserts that Plaintiff's remaining claims have already been litigated and dismissed, are now untimely under 28 U.S.C. § 2401(b), and cannot be saved by equitable tolling. (ECF No. 20 at 5-7.) Defendant further asserts that "even if equitable tolling were applied, the Court lacks jurisdiction to hear Plaintiff's claims" (*id*. at 3), because the sweeping language of the Federal Torts Claim Act prohibits suits, such as Plaintiff's, arising out of the intentional torts of assault and battery. (*Id*. at 7-9.) While the Court appreciates Plaintiff's desire to move this litigation forward, until these

potentially dispositive issues are resolved by the Court, it does not seem that productive settlement discussions are likely to occur. Therefore, the Court concludes that an early ENE would not assist in the reduction of expense and delay in the instant case.

Plaintiff's Request (ECF No. 27) is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 22, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge